**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES GYPSUM COMPANY, a Delaware corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 15-cv-6211<br>) |
| ROYAL AG SERVICES, INC., a California corporation | )<br>)<br>) |
| Defendant. | )<br>) |

**COMPLAINT FOR DAMAGES**

Plaintiff, United States Gypsum Company, a Delaware corporation, by and through its attorneys, Thompson Coburn LLP, and for its Complaint for Damages against Defendant, Royal AG Services, Inc., a California corporation, alleges as follows:

**BACKGROUND**

The Parties

1. Plaintiff, United States Gypsum Company ("USG") is incorporated under the laws of Delaware, with its principal place of business in Chicago, Illinois.

2. USG is engaged in the manufacture, sale and distribution of, among other things, agricultural materials to customers throughout North America.

3. Defendant, Royal AG Services, Inc. ("Royal AG") is a California corporation with its principal place of business located at 481 State Highway 99 W, Arbuckle, California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a) in that there is diversity of citizenship amongst USG and Royal AG and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

5. Venue is proper in this District pursuant to paragraph 10 in the Credit Application executed by Royal AG ("Credit Agreement"). A true and correct copy of the Credit Agreement is attached hereto as Exhibit A.

6. This Court has personal jurisdiction over Royal AG pursuant to paragraph 10 in the Credit Agreement.

## COUNT I
### (Breach of Contract versus Royal AG)

7. USG incorporates and realleges by reference paragraphs 1 through 6 as paragraph 7 of Count I.

8. On or about January 31, 2014, Jamie Olhiser, on behalf of Royal AG, executed and transmitted to USG the Credit Agreement whereby Royal AG requested that USG make sales on credit to it. See Exhibit A.

9. USG accepted the Credit Agreement.

10. Among other terms, the Credit Agreement provides that Royal AG is responsible for payment on all goods purchased from USG pursuant to the terms set forth on each Invoice, plus interest at the rate of 1.5% per month on all late payments as well as USG's costs of collection, including attorneys' fees. The Credit Agreement specifically provides as follows:

> PAYMENT OF THE PURCHASE PRICE FOR GOODS AND/OR SERVICES ACQUIRED FROM SELLERS SHALL BE MADE PURSUANT TO THE TERMS SET FORTH ON EACH INVOICE, AND APPLICANT AGREES TO PAY ALL CHARGES ACCORDING TO THE PAYMENT TERMS ESTABLISHED IN SAID INVOICE. THE ENTIRE OUTSTANDING BALANCE DUE TO SELLERS ON ALL INVOICES SHALL BECOME DUE IN FULL IMMEDIATELY UPON

- 3 -

DEFAULT IN THE PAYMENT OF ANY INVOICE. APPLICANT WILL PAY A SERVICE CHARGE OF $50.00 OR THE MAXIMUM ALLOWED BY LAW FOR EACH CHECK RETURNED BY APPLICANT'S BANK.

APPLICANT AGREES TO PAY INTEREST IN THE AMOUNT OF 1-1/2% PER MONTH, OR THE HIGHEST RATE PERMITTED BY LAW, WHICHEVER IS LESS, ON ANY PAYMENT CONSIDERED PAST DUE UNTIL COLLECTED. APPLICANT AGREES TO PAY ALL COSTS OF COLLECTION INCURRED BY SELLERS, INCLUDING ATTORNEYS' FEES AND EXPENSES, SHOULD A DEFAULT IN PAYMENT OR ANY OTHER OBLIGATION OF APPLICANT OCCUR.

11. From approximately June 2014 through February 2015, at Royal AG's specific instance and request, USG sold and delivered various agricultural materials to Royal AG.

12. For each of USG's sales as set forth in Paragraph 11, USG issued and delivered to Royal AG an invoice which specifically delineated, among other things, the dates of sale and delivery, the nature and price of the product sold to Royal AG and the terms of payment for such goods (the "Invoices").

13. True and correct copies of each of the Invoices that remain unpaid are attached hereto as Group Exhibit B (the "Unpaid Invoices").

14. Each Unpaid Invoice provides that Royal AG is responsible for payment within 30 days of receiving the materials. See Group Exhibit B.

15. Royal AG received and accepted the agricultural materials which USG sold and delivered to it as more fully described in the Unpaid Invoices.

16. USG fully performed all of its obligations to Royal AG in connection with the sales of the agricultural materials depicted in the Unpaid Invoices.

17. In accordance with the terms of the Invoices and the Credit Agreement, Royal AG is obliged to pay USG the prices of the agricultural materials, finance charges on the unpaid sums due for those products at the rate of 1.5% per month, as well as USG's cost of collection, including its attorneys' fees and costs. See Exhibit A and Group Exhibit B.

18. After allowing all just credits and deductions as of July 9, 2015, there is due and owing to USG from Royal AG the sum of $144,395.70, which includes principal charges in the amount of $131,000.74, finance charges totaling $13,394.96 through July 9, 2015, plus finance charges which continue to accrue at the rate of $64.60 per diem from and after July 9, 2015.

19. Despite USG's oral and written demands on Royal AG to pay all amounts due it, Royal AG has failed and refused to pay those amounts.

WHEREFORE, Plaintiff, United States Gypsum Company, requests that judgment be entered in its favor and against Defendant, Royal AG Services, Inc., in the amount of $144,395.70, plus finance charges continuing to accrue at the rate of $64.60 per diem from and after July 9, 2015, and USG's costs of collection, including its attorneys' fees, expenses and other costs incurred in this action, and such other and further relief as this Court deems proper.

Dated: July 15, 2015    Respectfully submitted,

By: /s/ Ryan J. Gehbauer
Jack L. Parrino (ARDC 6272835)
James L. Oakley (ARDC 6280737)
Ryan J. Gehbauer (ARDC 6317177)
THOMPSON COBURN LLP
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
jparrino@thompsoncoburn.com
joakley@thompsoncoburn.com
rgehbauer@thompsoncoburn.com

*Attorneys for United States Gypsum Company*